

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2004

# USA v. Giacomini

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2362

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Giacomini" (2004). *2004 Decisions.* Paper 854.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/854

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2362
_____

UNITED STATES OF AMERICA


v.

HAROLD GIACOMINI,
a/k/a Hal

Harold Giacomini,

Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge: The Honorable Jan E. DuBois
(D.C. Criminal. No. 01-cr-00100-2)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 22, 2004

Before: FUENTES, SMITH and GIBSON*, Circuit Judges.

(Opinion Filed: April 7, 2004)

_____

* The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

On February 22, 2001, Harold Giacomini was indicted in the Eastern District of Pennsylvania for violations of 18 USC §371, conspiracy, §2322, operating and conducting a chop shop, and §511, alteration of vehicle identification numbers and aiding and abetting. The charges were in connection with his employment at Borners Auto Body, a salvage yard which dealt in stolen vehicle parts and "chopped" vehicles. On September 12, 2001, Giacomini pled guilty to these offenses. A sentencing hearing was held on April 29, 2003 and the guideline level agreed upon by the government and the defense was accepted by the District Court Judge. Giacomini was sentenced to five months imprisonment, a five month period of in-home detention, three years of supervised release, a $6000 fine and $200 assessment. On May 8, 2003, Giacomini filed a timely notice of appeal. Thereafter, on August 1, 2003, William Lawson III, counsel for Giacomini, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), expressing his belief that Giacomini cannot raise any non-frivolous issues for our review, and directing us, as is required under Anders, to the issues that he thought Giacomini might raise on appeal. Giacomini has not filed a *pro se* brief on his own behalf.

First, counsel notes that Giacomini might challenge the plea agreement he entered into with the government. An examination of the colloquy during which Giacomini entered his guilty plea, however, demonstrates that there is no meritorious appellate issue with respect to that plea. During the colloquy, the District Court made certain that Giacomini understood the charges and wanted to enter a plea of guilty to each charge. The District Court ensured that Giacomini was, in fact, guilty of the crimes charged and reviewed the maximum penalties that could be imposed and the rights that Giacomini was waiving by pleading guilty. At the end of the colloquy, having determined that Giacomini's plea of guilty was knowing and voluntary, the District Court accepted the plea.

Next, counsel notes that Giacomini might challenge the sentencing determination made by the District Court. The pre-sentence report indicated a total adjusted offense level of 19 and a criminal history of category I, resulting in a guideline range of imprisonment from 30 to 37 months. Because Giacomini cooperated in the investigation of his codefendants, the government filed a motion for downward departure under section 5K1.1 which was granted by the District Court. The sentence handed down, while a substantial departure from the agreed upon guideline range, was therefore in conformity with the sentencing guidelines.

After carefully reviewing the briefs and accompanying materials of record, we will affirm the conviction and sentence. Counsel conducted a conscientious review of the record and concluded that there were no non-frivolous issues that could be raised on appeal, as required by Anders. 386 U.S. at 744. We have conducted an independent examination of the

3

record before us, and we agree with counsel that there are no non-frivolous issues that justify review.  Because counsel has complied with all of the procedures specified in <u>Anders</u>, we will grant his motion for withdrawal.

For the foregoing reasons, we will AFFIRM the Judgment of the District Court and GRANT counsel's request to withdraw.